IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 7 |
| BILL A. VORHES, | ) |
| | ) Bankruptcy No. 16-1577 |
|     Debtor. | ) |
| | ) |
| DAVID A. SERGEANT, | ) |
|     Plaintiff, | ) Adversary No. 17-9007 |
| | ) |
| v. | ) |
| | ) |
| B & E VORHES TRUST, | ) |
|     Defendant. | ) |

**RULING ON MOTION FOR SUMMARY JUDGMENT**

This matter came on for telephonic hearing on August 11, 2017. Eric Lam appeared for Trustee David Sergeant. Aaron Blair appeared for B & E Vorhes Trust ("B&E"). The parties argued this motion along with a similar summary judgment motion in a related adversary, Sergeant v. Blue Mountain Wagyu Trust, No. 17-9009. The parties agreed that the record would remain open until September 7, 2017, when discovery closed. The Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2).

**STATEMENT OF THE CASE**

While a lawsuit was pending against him, Debtor created B&E and transferred equipment and vehicles to B&E. Debtor, his wife, his sister, his brother

in law, and his children or grandchildren own stock in B&E. Trustee seeks to recover this property from B&E as fraudulent transfers. Trustee argues that the undisputed facts show that Debtor made the transfer while a lawsuit was pending against him, that Debtor received nothing in exchange for the transfer, that Debtor retained control of the property, and that B&E is an insider. Trustee argues that these four factors are enough to show fraudulent intent under Iowa law. B&E objects. B&E argues that B&E is not an insider and that Debtor has not retained possession or control over the property after the transfer.

## STATEMENT OF THE FACTS

On September 7, 2011, Bernice Gill, Debtor's sister, sued Debtor on behalf of Vorhes Ltd. Bernice argued that Debtor owed Vorhes Ltd. hundreds of thousands of dollars in loans and unpaid farmland rent. That lawsuit was still pending in March 2013.

On March 11, 2013, Debtor established B&E with the assistance of Marvin Pullman. Mr. Pullman prepared the documents that established B&E. Mr. Pullman is not and has never been licensed to practice law in Iowa.

As of March 11, 2013, Jean and Dale Westendorf (Debtor's sister and her husband) were trustees of B&E, Judy Vorhes (Debtor's wife) was an assistant manager of B&E, and Debtor was general manager and treasurer of B&E.

As of March 11, 2013, Debtor owned 50 shares of B&E stock, Judy Vorhes owned 50 shares of B&E stock, Jean Westendorf owned 100 shares of B&E stock, and Debtor's children or grandchildren owned 50 shares of B&E stock.

On March 11, 2013, Debtor transferred equipment and vehicles to B&E. On April 6, 2013, the Iowa District Court entered a $462,581.70 judgment against Debtor in favor of Vorhes Ltd.

On December 15, 2016, Debtor filed this Chapter 7 bankruptcy. On his schedules, Debtor stated that he transferred the equipment and vehicles to B&E and that he did not receive anything in exchange.

On February 3, 2017, Trustee filed this adversary against B&E seeking to recover, among other things, the vehicles and equipment that Debtor transferred to B&E as fraudulent transfers. On July 7, 2017, Trustee filed this motion for summary judgment as to only the vehicles and equipment under Iowa law. B&E resists.

### CONCLUSIONS OF LAW AND ANALYSIS

The Bankruptcy Code provides that "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim." 11 U.S.C. § 544(b)(1). Under this section, "the trustee steps into the shoes of an actual unsecured creditor holding an allowed claim and utilizes whatever state or

3

nonbankruptcy federal law remedies that particular creditor may have." Sergeant v. OneWest Bank (In re Walter), 462 B.R. 698, 704 (Bankr. N.D. Iowa 2011) (internal quotation marks omitted) (emphasis removed) (quoting In re Porter, No. 07–1012, 2009 WL 902662, at *18 (Bankr. D.S.D. Mar. 13, 2009)). To proceed under this section: "The trustee must show the existence of an actual unsecured creditor holding an allowable unsecured claim who could bring the avoidance action under Iowa fraudulent transfer law." Sergeant v. G.R.D. Invests. L.L.C. (In re Schaefer), 331 B.R. 401, 416 (Bankr. N.D. Iowa 2005). Trustee argues that the Vorhes Ltd. lawsuit that was pending against Debtor when he made the transfers satisfies this standing requirement. B&E has not challenged Trustee's standing to bring this action under § 544. The Court finds that Trustee has standing to use "whatever state or nonbankruptcy federal law remedies that particular creditor may have." In re Walter, 462 B.R. at 704.

Here, Trustee seeks to avoid the transfers at issue under Iowa Code § 684.4. This Court has held that Iowa Code Chapter 684 is applicable nonbankruptcy law under § 544. In re Schaefer, 331 B.R. at 416. Iowa Code Chapter 684 provides:

> **A transfer made** or obligation incurred **by a debtor is voidable** as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, **if the debtor made the transfer** or incurred the obligation under any of the following circumstances:
> a. **With actual intent to hinder, delay, or defraud** any creditor of the debtor.
> . . . .

4

      2. **In determining actual intent** under subsection 1, paragraph "a", **consideration may be given, among other factors, to whether** any or all of the following apply:
      **a. The transfer or obligation was to an insider.**
      **b. The debtor retained possession or control of the property transferred after the transfer.**
      c. The transfer or obligation was disclosed or concealed.
      **d. Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.**
      e. The transfer was of substantially all the debtor's assets.
      f. The debtor absconded.
      g. The debtor removed or concealed assets.
      **h. The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.**
      i. The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.
      j. The transfer occurred shortly before or shortly after a substantial debt was incurred.
      k. The debtor transferred the essential assets of the business to a lienor that transferred the assets to an insider of the debtor.

Iowa Code § 684.4 (emphasis added).

      "A finding of fraudulent intent is a factual finding and can be inferred from the circumstances surrounding the transfer." Schnittjer v. Houston (In re Houston), 385 B.R. 268, 272 (Bankr. N.D. Iowa 2008). "The convergence of several badges or indices may support an inference of fraud, which grows in strength as the badges increase in number." Schlichte v. Schlichte, 858 N.W.2d 36 (Iowa Ct. App. 2014) (internal quotation marks omitted) (quoting Textron Fin. Corp. v. Kruger, 545 N.W.2d 880, 883 (Iowa Ct. App. 1996)). Four of the badges of fraud set out in Iowa Code § 684.4 are enough to support a finding of actual intent to

hinder, delay, or defraud creditors. Johnson v. Ventling, 852 N.W.2d 20 (Iowa Ct. App. 2014). In making a determination of actual intent: "Courts evaluate the circumstances of a transaction as a whole." Quad City Bank v. Berstler (In re Chapman Lumber Co., Inc.), Bankr. No. 05-00408, 2007 WL 2316528, at *3 (Bankr. N.D. Iowa Aug. 8, 2007).

Trustee moved for summary judgment on his Iowa Code § 684.4 claim as to the transfer of vehicles and equipment. Federal Rule of Civil Procedure 56 states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This rule applies in adversary proceedings. Fed. R. Bankr. P. 7056.

The parties agree that there are two badges of fraud present in this case: Debtor transferred the equipment and vehicles to B&E: (1) while a lawsuit was pending against him and (2) received nothing in exchange. The parties dispute, however, whether: (1) B&E is an insider and (2) whether Debtor retained control over the property after the transfer.

B&E argues that these disputes constitute genuine issues of material fact and a trial is warranted. The Court disagrees. B&E does not dispute any of underlying facts that Trustee relies on. B&E disputes only whether the facts that Trustee relies on are sufficient to meet the relevant factors under Iowa law—whether B&E is an

6

insider and whether Debtor retained control. These are legal issues. See Yuska v. Iowa Dep't of Revenue (In re Yuska), 553 B.R. 669, 678 (Bankr. N.D. Iowa 2016), aff'd, 567 B.R. 545 (B.A.P. 8th Cir. 2017) ("Legal issues are the conclusions to be drawn from those facts."). There are no genuine issues of material fact, only disputes about whether the undisputed facts establish two particular badges of fraud. Thus, in making its finding on actual intent to hinder, delay, or defraud, the Court must decide, as a legal matter: (1) whether B&E is an insider and (2) whether Debtor retained control over the property.

### I. Insider

The parties dispute whether B&E is an "insider" under Iowa Code § 684.4(2)(a). Iowa law provides the following definition of "insider":

> "Insider" includes all of the following:
> a. If the debtor is an individual, all of the following:
> (1) A relative of the debtor or of a general partner of the debtor.
> (2) A partnership in which the debtor is a general partner.
> (3) A general partner in a partnership described in subparagraph (2).
> (4) A corporation of which the debtor is a director, officer, or person in control.

Iowa Code § 684.1(8).

B&E notes that this list does not include trusts. B&E concludes that trusts cannot be insiders. Trustee responds that this Court rejected that argument in a similar context when it found that an L.L.C. was an insider under the then-current Iowa Uniform Fraudulent Transfer Act. Sergeant v. G.R.D. Invests. L.L.C. (In re

7

Schaefer), 331 B.R. 401, 421–22 (Bankr. N.D. Iowa 2005) ("The court finds that G.R.D. is an insider within the meaning of the Iowa UFTA."). Trustee notes that Iowa has since changed from the Uniform Fraudulent Transfers Act to the Uniform Voidable Transfers Act, but that the definition of "insider" is the same in both statutes. Compare Iowa Code § 684.1(8) (2017) (UVTA) and Iowa Code § 684.1(7) (UFTA). Trustee further notes that the UVTA comments specifically state that the list is not exclusive and that "a trust may be found to be an 'insider' of a beneficiary." UVTA § 1, Comment 8 (Uniform Law Comm. 2014).

The Court agrees with Trustee on this issue and finds that B&E is an insider under Iowa Code § 684.1. B&E relies on an overly technical reading of the definition and ignores the fact that the definition is not exclusive. B&E's ownership, management, or beneficiaries are all related to Debtor. These family relationships are precisely the kinds that warrant the close scrutiny of "insider" status. See In re Schaefer, 331 B.R. at 422 ("Transactions between family members are subject to close scrutiny.").

**II.    Control**

The parties also dispute whether Debtor "retained possession or control of the property transferred after the transfer." Iowa Code § 684.4(2)(b). Iowa Code § 684.1 does not define "possession or control."

Trustee notes that Debtor was the manager of B&E at the time of the transactions and afterwards. Trustee argues that the trust document sets out a broad delegation of power to Debtor as manager of B&E. Trustee concludes that this shows that Debtor actually retained "possession or control" over the property post-transfer.

B&E responds that the trustees, not the manager, had exclusive control over trust property. B&E notes that the trust documents says that trustees "shall have absolute management, control and disposition of all the trust estate and its business affairs, of every kind and character." B&E notes that Debtor was not a trustee. B&E argues that Debtor's position as manager is insufficient, standing alone, to show that he retained "possession or control" over the property.

Here, the Court finds that Debtor retained possession or control over the equipment and vehicles after the transfer through his position as manager of B&E. B&E's argument that Debtor did not have "possession or control" over trust property, even though he was manager of the trust, is meritless. An Illinois court has flatly rejected a similar argument in applying the Illinois version of the UFTA, finding that a management position showed "possession or control":

> The defendants argue that [a] management position in the two companies is not the same as "retaining possession or control" of the asset. However, they offer no legal authority to support this argument. Accordingly, we do not consider it. The plaintiff established that the debtor retained control of the asset after the transfer.

9

Golden Eagle Cmty. Bank v. Rego Grp., Ltd., 2015 IL App (2d) 141127-U, ¶ 57 (citation omitted). This Court adopts and relies on this persuasive decision and rationale.

This Court rejects B&E's argument here that Debtor did not retain possession or control. The trust document provides that the trustees operate the trust "through the Manager," who had the power to pledge and mortgage trust assets, open bank accounts, and "look after and superintend all the business and/or responsible operations of the company." B&E's argument that the trustees had <u>exclusive</u> control or possession over trust property attempts to add terms and ignores the clear delegation of control to Debtor as manager of B&E.

### III.    Actual Intent

Four badges of fraud are enough to support a finding of actual intent to hinder, delay, or defraud creditors under Iowa Code § 684.4. Johnson v. Ventling, 852 N.W.2d 20 (Iowa Ct. App. 2014). Here, there are four badges of fraud supporting a finding of fraudulent intent: (1) Debtor transferred property to insiders (2) while a lawsuit was pending against him (3) without receiving anything in return and (4) retained possession or control over the property. These factors, combined with the more particular facts that Debtor created the trust with the assistance of a non-lawyer, the same day the transfers were made, a month before a judgment was entered against him, and named only close family members who did

not bring the lawsuit against him as trustees and beneficiaries, provide a confluence of badges of fraud that compel the Court to find that Debtor transferred the vehicles and equipment with actual intent to hinder, delay, or defraud his creditors.

## CONCLUSION

**WHEREFORE**, Trustee's Motion for Summary Judgment is GRANTED.

**FURTHER**, the transfer of equipment and vehicles, described in Exhibit 701, from Debtor to B&E is void.

**FURTHER**, B&E is ordered to account for every item at issue—its location, current value, and whether there is any lien and to whom and for how much—within 20 days of this ruling.

**FURTHER**, Trustee is ordered to elect, pursuant to 11 U.S.C. § 550(a), whether to be awarded a money judgment or title to the equipment and vehicles that will vest in the bankruptcy estate within 20 days.

Dated and Entered:
December 20, 2017

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE